

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: UNITED PARCEL SERVICE, "AIR-IN-GROUND" MARKETING AND SALES PRACTICES LITIGATION, | No. 11-56478 <br><br> D.C. No. 2:10-ml-02153-GW-PJW |
| POCINO FOODS COMPANY; ARAPAHOE HYUNDAI, LLC; OWENS FINANCIAL GROUP, INC.; DESIGNER IMPORTS INTERNATIONAL, INC., <br><br>       Plaintiffs - Appellants, <br><br> v. <br><br> UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE CO., a Delaware corporation, DBA United Parcel Service Co. (Air); UNITED PARCEL SERVICE GENERAL SERVICES CO., a Delaware corporation, <br><br>       Defendants - Appellees. | AMENDED MEMORANDUM[*] |

On Appeal from the United States District Court
for the Central District of California

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

George H. Wu, District Judge, Presiding

Argued and Submitted
April 9, 2013—Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and MOLLOY, District Judge.[**]

In this appeal, we consider whether the district court properly dismissed Plaintiffs' claims in a multi-district litigation case without first making a choice-of-law determination. Choice of law was neither discussed nor resolved at the district court level and the shipping contract in question does not include a choice-of-law provision or indicate which state law should govern. The four suits in this case were filed in California, Colorado, and Georgia. The district court and the parties proceeded on the assumption that California law applies.

In multi-district litigation, the district court must apply the choice-of-law rules that govern in the forum from which each particular lawsuit was transferred (i.e., in law of the state where the suit was filed). *See Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1492 (9th Cir. 1985); *see also In re Colgate Palmolive Softsoap Antibacterial Handsoap Mktg. & Sales Practices Litig.*, 2013 WL 1332097 (D.N.H. 2013) (noting the correct choice-of-law analysis and denying the

---

[**] The Honorable Donald W. Molloy, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

defendant's motion to dismiss without prejudice where neither party adequately briefed the relevant choice of law principles); *see also In re Cheerios Mktg. & Sales Practices Litig.*, 2012 WL 3952069 (D.N.J. 2012) (undertaking a separate choice of law analysis for each transferred case). The district court's dismissal of Plaintiffs' claims cannot be reviewed in the absence of a determination of the applicable state law, as it may be decisive of whether or not the district court's Rule 12(b)(6) dismissal was appropriate as to each of Plaintiffs' claims. *See, e.g., Northwest, Inc. v. Ginsberg*, ___ U.S. ___, 134 S. Ct. 1422 (2014) (holding that the applicable state law is determinative of whether or not a claim for breach of the implied covenant of good faith and fair dealing is preempted by Federal law).

Accordingly, the district court should have addressed choice of law and conflict of law before making a determination on the merits of UPS's dismissal motions. Consequently, the judgment is vacated and the case is remanded for choice-of-law and conflict-of-law analysis on Plaintiffs' claims, and once determined, if appropriate, for resolution on the merits.

VACATED and REMANDED. Each party shall bear its own costs on appeal.